99 F.3d 1147
 RICO Bus.Disp.Guide 9166
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SUNWEST ASSOCIATES, A California Limited Partnership,
Plaintiff-Appellant,
v.
Gary F. DAVIS, Defendant,
and
Robert H. Curry, husband; Sally Doe Curry, wife; Samaritan
Health Services, an Arizona nonprofit corporation,
Defendants-Appellees.
 No. 95-15775.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1996.
Decided Oct. 22, 1996.
 
 Before: WOOD,* SCHROEDER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sunwest Associates appeals the district court's grant of summary judgment on its Arizona racketeering claim in favor of defendants Robert Curry, Sally Doe Curry, and Samaritan Health Services. We affirm.
 
 
 3
 This case arises from defendants' successful application to rezone property in Glendale, Arizona, for use as a medical office building. Plaintiff Sunwest claims that in the zoning proceedings before the Glendale Planning Commission and the Glendale City Council, defendants knowingly presented false information in violation of A.R.S. § 13-2311--a predicate act for purposes of Arizona's civil racketeering statute, A.R.S. § 13-2314(A). The district court granted summary judgment on the ground that the Noerr-Pennington doctrine barred Sunwest's racketeering claim, as the alleged racketeering involved petitioning the government.
 
 Sunwest's racketeering claim
 
 4
 We note initially that Sunwest has not shown any actionable racketeering conduct. While its complaint alleged that defendants knowingly made false statements before the City Council and Planning Commission, it has produced no evidence that the statements were false, let alone that they were knowingly so. The conclusory allegations presented cannot withstand a motion for summary judgment.
 
 
 5
 Even giving Sunwest the benefit of the doubt on this point, we find that the district court correctly invoked the Noerr-Pennington doctrine. This court has held that the doctrine[1] bars civil liability for activities protected by the First Amendment right to petition and that it applies outside of the antitrust context in which it developed. See Oregon Natural Resources Council v. Mohla, 944 F.2d 531, 533-34 (9th Cir.1991) (invoking doctrine to bar state law claim of abuse of administrative and judicial process). Although we have not previously applied it to a state law racketeering claim, we see no reason why we should not where the predicate act, as here, involves petitioning a government body.
 
 
 6
 Sunwest argues that the racketeering claim involves not petitioning itself but rather separate preparatory activities unprotected by the First Amendment. Neither the facts of this case nor this circuit's caselaw supports such a distinction. Preparing reports to be submitted to the Glendale City Council and hiring experts to provide opinions on the need for medical office space are sufficiently related to the actual petitioning to fall within the Noerr-Pennington doctrine. In Boone v. Redevelopment Agency of the City of San Jose, 841 F.2d 886, 894 (9th Cir.), cert. denied, 488 U.S. 965 (1988), for example, this court held that allegations of "shadowy secret meetings" and other preparatory activity did not take a claim outside of the Noerr-Pennington doctrine, at least without some additional allegation that the actions were taken for reasons other than legitimate petitioning of government. Sunwest has not provided evidence of that nature. As a result, defendants' activities fall within the scope of traditional First Amendment protection, and the Noerr-Pennington doctrine bars racketeering liability for them.
 
 
 7
 Sunwest also claims that defendants' petitioning should not receive protection because it involved knowingly false statements. It is clear, however, that Noerr-Pennington protects misrepresentations in the political process. "Attempts to influence public officials may occasionally result in deception of the public, manufacture of bogus sources of reference and distortion of public sources of information." Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127, 140 (1961); see also Boone, 841 F.2d at 894.
 
 
 8
 Since we conclude that the Noerr-Pennington doctrine bars the Arizona racketeering claim, we do not reach the issue of state law immunity for statements before a legislative body.
 
 Attorneys' Fees
 
 9
 Defendants have moved for leave to amend their brief to include a claim for attorneys' fees on appeal pursuant to A.R.S. § 13-2314(A), which allows a successful defendant in a racketeering claim to recover reasonable attorneys' fees. We grant this motion. Defendants may file a request for attorneys' fees under Circuit Rule 39-1.6, and Sunwest may file any objections at the appropriate time.
 
 Conclusion
 
 10
 The district court's grant of summary judgment is affirmed. Appellees' motion for leave to amend their response brief is granted.
 
 
 
 *
 Hon. Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The doctrine was first discussed in Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127, 135-36 (1961), and United Mine Workers v. Pennington, 381 U.S. 657, 670 (1965)